UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division



MAGISTRATE JUDGE
TURNOFF

WANDA KRUPSKI, a single person,

Plaintiff,

v.   Case Number:

COSTA CRUISE LINES, N.V., L.L.C.,
d/b/a COSTA CRUISE LINES, a foreign
corporation (Netherland Antilles),

Defendant.
_____/



08-60152

CIV-ALTONAGA

FILED by ___ D.C.
INTAKE

FEB -1 2008

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

## COMPLAINT AND JURY DEMAND

Plaintiff, WANDA KRUPSKI, by and through her undersigned attorneys, sues Defendant, COSTA CRUISE LINES, N.V., L.L.C., d/b/a COSTA CRUISE LINES, and alleges as follows:

1. That this is a cause of action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars exclusive of costs, interest and attorney fees, the sum specified by 28 U.S.C. §1332.

2. At all times material hereto, the Plaintiff, WANDA KRUPSKI (hereinafter referred to as "Plaintiff") resided in the City of Detroit, County of Wayne, State of Michigan.

3. At all times material hereto, the Defendant, COSTA CRUISE LINES, N.V., L.L.C., d/b/a COSTA CRUISE LINES (hereinafter referred to as "Defendant") is registered to do business in Florida with an address of 200 South Park Road, Suite 200, Hollywood, Florida, 33021, but is a foreign corporation.

4. Defendant is a Netherland Antilles Limited Liability Company.

## Subject Matter Jurisdiction

5. This Court has subject matter jurisdiction for this claim pursuant to 28 U.S.C. §1332 in Diversity as the parties are completely diverse, and 28 U.S.A §1333(1) Saving to Suitors and in the alternative, 28 U.S.C. §1333, and rule 9(h) of the Federal Rules of Civil Procedure and under the General Maritime Law of the United States.

6. Plaintiff, WANDA KRUPSKI was a paying passenger on Defendant's vessel *COSTA MAGICA*.

## Venue, Personal Jurisdiction, and General Allegations

7. That on or about February 21, 2007, the Defendant was a foreign corporation registered to do business in the State of Florida and maintained a permanent office for the transaction of business in Broward County, Florida.

8. Venue is proper in Broward County as the Defendant's passenger ticket contains a forum selection, which requires any action to be brought exclusively in the United States District Court for the Southern District of Florida located in Broward County, Florida.

9. Plaintiff has complied with all pre-suit requirements of the passenger ticket contract by providing COSTA CRUISE LINES with a written detailed description of the circumstances of the incident that is the subject of this lawsuit in a letter dated July 2, 2007, mailed to COSTA CRUISE LINES at COSTA CRUISE LINES' principal place of business.

10. On or about February 21, 2007, Defendant, COSTA CRUISE LINES owned, operated, managed, supervised and controlled the ocean-going passenger vessel known as the *COSTA MAGICA*.

11. On or about February 21, 2007, Plaintiff was a fare-paying passenger aboard the *COSTA MAGICA* during a planned week-long Caribbean cruise that departed from and returned to Port Everglades, Florida.

12. While attending a performance at the Theatre Deck 3 on February 21, 2007, Plaintiff tripped and fell over a camera cable that was left in a dangerous condition in the walkway where the passengers were required to walk to enter and exit the Theatre. Due to the fact that the cable was close to the chair and she was unable to see the cable because of the light in the Theatre, Plaintiff tripped and fell and suffered a fracture of her right femur which required surgery, extensive inpatient and homebound rehabilitation, and has left her with physical and emotional injuries.

13. On or about February 21, 2007 and for a considerable period of time prior thereto, the Defendant, by and through the acts of it's duly authorized agents, servants and employees and in the conduct and operation of its business, did hold out and extend to it's invitees an implied and expressed invitation to enter upon the property of COSTA CRUISE LINES, and specifically the vessel, COSTA MAGICA.

14. At all times relevant to this case, the defendant expressly and/or impliedly invited the plaintiff onto and about the ship, and thereby assumed the duty to use due care and caution to keep and maintain the ship, common areas and aisle ways in a safe condition to avoid causing injury to the plaintiff.

15. Defendant owed Plaintiff, WANDA KRUPSKI, who was rightfully in and about the ship, the duty to exercise reasonable care and caution in repair and maintenance of the ship, and to avoid creating any hazardous, dangerous conditions of which the defendant knew, or through the

exercise of reasonable care should have known, so as not to cause injury or damage to plaintiff and others rightfully occupying the ship.

16. It was the duty of the defendant to exercise due care for the rights and safety of persons invited on the ship, and particularly, it was the duty of the defendant not to cause the public areas to be left in a dangerous and unsafe condition.

## COUNT I
## NEGLIGENCE OF COSTA CRUISE LINES, N.V.

Plaintiff incorporates paragraphs 1 through 16 as if fully set forth and alleges the following:

17. COSTA CRUISE LINES owed a duty to its passengers, including WANDA KRUPSKI, to exercise reasonable care under the circumstances, and specifically to equip and operate its vessel, the *COSTA MAGICA*, in a reasonable and safe manner, including any and all public areas on the vessel, specifically the aisle way in Theatre Deck 3 which is the subject of this Complaint.

18. COSTA CRUISE LINES breached its duty of care to WANDA KRUPSKI and was negligent and careless in at least the following ways:

    a.    Failing to provide safe ingress and egress in Theatre Deck 3;

    b.    Failing to provide warning to passengers of hidden perils in Theatre Deck 3;

    c.    Failing to properly set-up the cameras and other necessary equipment in the theatre so that passengers would not trip;

    d.    Failing to warn passengers that there were cables and other impediments in the aisle where they would be exiting the theatre;

    e.    Failing to properly maintain and keep the subject aisle in a reasonably safe condition for it passengers;

    f.    Failing to properly place and secure the necessary cords and cables in the

4

  theatre so that they would not present a trip hazard;

g. Failing to follow the cruise lines' own policies and procedures regarding setting up the theatre;

h. Creating the dangerous condition that existed in the aisle of theatre number 3;

i. Failing to use due care in setting up the equipment in the theatre;

j. Failing to remedy a hazardous condition of which it knew or should have known;

k. Failing to have proper lightening in the theatre at the time that patrons exited;

l. Failing to have polices and procedures in place which would provide for a safe method by which patrons could exit the theatre;

m. Failing to develop, maintain and utilize reasonable and proper safety policies, procedures and protocols to detect dangerous conditions of the subject aisle;

m. Failing to properly train and instruct the employees to set up the theatre, inspect for dangerous or hazardous conditions, and/or remedy any dangerous or hazardous conditions that may exist

19. As a direct and proximate cause of the above described carelessness and negligence of COSTA CRUISE LINES, the Plaintiff, WANDA KRUPSKI, was injured, suffered a fracture of her right femur, endured pain and suffering, suffered a physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, the aggravation of pre-existing conditions, inconvenience, permanent disability, mental anguish and incurred necessary medical expenses for the treatment of her injuries.  These injuries are permanent and continuing in nature.  Plaintiff will suffer these losses and impairments in the future.

WHEREFORE, Plaintiff, WANDA KRUPSKI demands judgment for damages against the Defendant, COSTA CRUISE LINES in excess of the minimal jurisdictional limits of this Court, as well as pre-judgment and post-judgment interest, costs and attorney fees incurred in bringing this action, along with any allowable punitive damages.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED this ___ day of February, 2008.

> PHILLIPS, CANTOR & BERLOWITZ, P.A.
> Presidential Circle
> 4000 Hollywood Boulevard, Suite 375-S
> Hollywood, Florida 33021
> Telephone: (954) 966-1820
> Facsimile: (954) 414-9309
> jberlowitz@phillipslawyers.com
>
> BY: _____
> JEFFREY S. BERLOWITZ, ESQ.
> Fla. Bar No. 963739
>
> and
>
> TURNER & TURNER, P.C.
> Matthew L. Turner, Esq.
> (P48706, pending admission pro hac vice)
> 26000 W. 12 Mile Road
> Southfield, MI 48034
> Telephone: (248) 355-1727
> Facsimile: (248) 355-5674
> Matt@turnerandturner.com

6

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

### I. (a) PLAINTIFFS
Wanda Krupski, a single person

### DEFENDANTS
CIV-ALTONAGA Costa Cruise Lines, N.V., L.L.C.

**(b)** County of Residence of First Listed Plaintiff: Wayne
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Broward
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Phillips, Cantor & Berlowitz, P.A. (Jeffrey S. Berlowitz, Esq.)
4000 Hollywood Boulevard, Suite 375 S
Hollywood, Florida 33021
Tel: 954-966-1820; Fax: 954-414-9309

Attorneys (If Known)

MAGISTRATE JUDGE TURNOFF

08-60152

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:08 CV 60152 Altonaga

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☑ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

FILED by ___ INTAKE   D.C.
FEB -1 2008
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO     b) Related Cases ☐ YES ☑ NO

JUDGE ___   DOCKET NUMBER ___

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 USC 1332, 28 USC 1333(1). This is a negligence case arising out of a trip and fall on a cruise ship.

LENGTH OF TRIAL via 6 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ ___

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE: January 31, 2008

**FOR OFFICE USE ONLY**
AMOUNT ___   RECEIPT # ___   IFP

542186