UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-60152-CIV-ALTONAGA/Turnoff

WANDA KRUPSKI, a single person,

        Plaintiff,

vs.

COSTA CRUISE LINES, NC, LLC,
d/b/a COSTA CRUISE LINES, a foreign
corporation (Netherland Antilles),

        Defendant.

_____/

| PHILLIPS, CANTOR & BERLOWITZ, P.A. | HORR, NOVAK & SKIPP, P.A. |
|---|---|
| Jeffrey S. Berlowitz | David J. Horr |
| Fla. Bar No. 963739 | Florida Bar No. 310761 |
| 4000 Hollywood Blvd, Suite 375-S | Datran Building, Suite 1104 |
| Hollywood, Florida 33021 | 9100 South Dadeland Boulevard |
| (954) 966-1820 | Miami, Florida 33156-7866 |
| jberlowitz@phillipslawyers.com | (304) 670-2525 |
| Attorneys for Plaintiff | Fax: (305) 670-2526 |
|  | Attorneys for Defendant |

TURNER & TURNER, P.C.
Matthew L. Turner
(P48706, admission pro hac vice)
Attorney for Plaintiff
26000 W. 12 Mile Road
Southfield, MI 48034
(248) 355-1727
matt@turnerandturner.com
Attorneys for Plaintiff

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD
COSTA CROCIERE, S.p.A. AS A DEFENDANT**

    NOW COMES, the Plaintiff, WANDA KRUPSKI, (hereinafter "Plaintiff"), by

and through her undersigned counsel and in response to Defendant's Motion for

Summary Judgment, and for her Motion for Leave to Amend her Complaint to Add Costa

Crociere, S.p.A. as a Defendant, respectfully requests that this Honorable Court DENY

Defendant's motion and GRANT Plaintiff's motion on the grounds set forth in the

attached Brief in Support.

**BRIEF IN SUPPORT**

### I.   Introduction and Factual Summary

This case arises from the Defendant's negligence causing injuries to Plaintiff

while Plaintiff was a passenger aboard the cruise vessel COSTA MAGICA.  While

attending a performance at the Theatre Deck 3 on February 21, 2007, Plaintiff tripped and

fell over a camera cable that was left in a dangerous condition in the walkway where the

passengers were required to walk to enter and exit the Theatre.  Due to the fact that the

cable was close to the chair and she was unable to see the cable because of the light in the

Theatre, Plaintiff tripped and fell and suffered a fracture of her right femur which

required surgery, extensive inpatient and homebound rehabilitation, and has left her with

physical and emotional injuries.

In performing its initial investigation, Plaintiff's counsel reviewed the "Travel

Documents" packet supplied to Plaintiff by Costa Cruise Lines.  At the outset, it is

imperative to note that on the second page of the "Travel Documents" it states:

> **Costa Cruise Lines N.V.**
> **200 South Park Road,**
> **Suite 200**
> **Hollywood, FL 33021-8541**

(**Exhibit 1**)

In or around June 2007, in performing its pre-litigation due diligence, Plaintiff's

counsel performed internet research regarding Costa Cruise Lines.  On the Costa Cruise

2

Lines website, located at www.costacruise.com, it lists "Costa offices worldwide"

(**Exhibit 2**).  The only United States office listed by the Defendant on its website was, at

that time, and is currently:

> **U.S.A**
> **Costa Cruise Lines, N.V.**
> **Venture Corporate Center II**
> **200 South Park Road, Suite 200**
> **Hollywood, FL 33021-8541-U.S.A.**
> **http://www.costacruises.com/**

(Exhibit 2)

Next, Plaintiff's counsel went to the Florida Department of State Division of

Corporations website located at the URL:  www.sunbiz.org.  Plaintiff's counsel

performed a search for Costa Cruise Lines. The only ACTIVE entity name returned from

the search was COSTA CRUISE LINES N.V. L.L.C. (CCL N.V.) (**Exhibit 3**).  Clicking

on the COSTA CRUISE LINES N.V. L.L.C. link returned the following information:

> **<u>Foreign Limited Liability Company</u>**
>
> COSTA CRUISE LINES N.V. L.L.C.
> \*\*\*
> **<u>Principal Address</u>**
>
> 200 SOUTH PARK ROAD, STE. 200
> HOLLYWOOD FL 33021-8541
>
> **<u>Mailing Address</u>**
>
> 200 SOUTH PARK ROAD, STE. 200
> HOLLYWOOD FL 33021-8541
>
> **<u>Registered Agent Name & Address</u>**
>
> C T CORPORATION SYSTEM
> 1200 SOUTH PINE ISLAND ROAD
> PLANTATION FL 33324 US

(**Exhibit 4**)

3

On July 2, 2007, less than five (5) months after the incident giving rise to this case, Plaintiff's counsel notified the Defendant of Plaintiff's claims (**Exhibit 5**). On July 9, 2007, Plaintiff received a response from the Defendant's Claims Administrator (**Exhibit 6**). Nowhere in Defendant's response did the Claims Administrator indicate that COSTA CRUISES LINES, N.V. L.L.C. was an improper party to the anticipated litigation.

While Plaintiff reasonably believes and maintains that CCL N.V. is a proper party to this case, it has been brought to Plaintiff's attention that Costa Crociere, S.p.A. is a proper defendant to this lawsuit. At this point, it is too early to determine whether or not CCL N.V. should be dismissed from the lawsuit. CCL N.V. and Costa Crociere, S.p.A. are intimately intertwined businesses. Where CCL N.V. ends, and Costa Crociere, S.p.A. begins, is still not entirely clear. Defendant CCL N.V.'s motion for summary judgment is premature and Plaintiff should be permitted to conduct some initial discovery to determine whether CCL N.V. is a proper party. Therefore, Defendant CCL N.V.'s motion for summary judgment should be denied and Plaintiff should be permitted to amend her pleadings to add Costa Crociere, S.p.A. as a defendant.

At this stage of the litigation, it is too early to tell whether or not CCL N.V. is a proper party to this case. For example, as cited by Defendant CCL N.V., under the general conditions of passage ticket contract (GCPTC) "CARRIER" includes:

> "All officers, staff members, crew members, independent contractors, medical providers, concessionaires, pilots, suppliers, agents and assigns on board said vessel…"

(Defendant's Motion for Summary Disposition, pg. 6)

There is no question that CCL N.V. is an agent of Costa Crociere, S.p.A. The Defendant freely admits that it is a sales and marketing agent for the CARRIER (Defendant's Motion for Summary Disposition, pg. 6).  At this point in time, it is simply too early to tell whether  there is a genuine issue of material fact as to whether CCL N.V. maintained personnel on board Costa Majica.  If there were employees or agents of CCL N.V. on board, then by the express terms of the GCPTC, CCL N.V. would fall under the definition of "CARRIER".

Further, the express language of the GCPTC contemplates liability for CCL N.V. The ticket contract states:

> "All of the defenses, limitations and exceptions of whatever kind relating to the responsibility and liabilities of the CARRIER that may be invoked by the CARRIER by virtue of this Contract or by law are fully extended to and may also be invoked by all other person who may act on behalf of the CARRIER or on whose behalf the CARRIER may act.  Such person may include without limitation (i) the CARRIER's parents, subsidiaries, affiliates, successors, assigns, representatives, agents, employees, servants, concessionaires and contractors…and (iii) Costa Cruise Lines, N.V…"

By the express terms of the contract, Costa Cruise Lines, N.V. is a party to the contract.  As stated above, it is too early at this point in time to determine whether CCL N.V. is a proper party to this lawsuit.  Therefore, Defendant's Motion for Summary Disposition must be denied.

## II.  Standard of Review

### A.  Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to judgment as a matter of law." <u>WSB-TV v. Lee</u>, 125 F.R.D. 191, 192 (N.D. Ga. 1988)

### B. Motion for Leave to Amend

"The Federal Rules reject the approach that pleading is a game of skill in which one misstep by  counsel may be decisive to the outcome and accept  the principle that the purpose of pleading is to facilitate a proper decision on the merits. The Rules themselves provide that they are to be construed "to secure the just, speedy, and inexpensive determination of every action.

Rule 15 (a) declares that leave to amend "**shall be freely given when justice so requires**"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), paras. 15.08, 15.10. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, **he ought to be afforded an opportunity to test his claim on the merits.**  In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be freely given." <u>Foman v. Davis</u>, 371 U.S. 178, 181-182 (1962) (emphasis added) (citations omitted).

### III. Statement of Material Facts in Opposition

1. Plaintiff admits that she sustained personal injuries aboard the COSTA MAGICA on or about February 21, 2007, due to the negligence of the Defendant.  Plaintiff's claims in this case can be found in her Complaint.

6

2.   Plaintiff admits that she booked a cruise aboard the COSTA MAGICA.  The cruise departed from Port Everglades, Florida and Plaintiff was fare paying passenger and lawfully aboard the COSTA MAGICA.  Further, the travel documents provided to Plaintiff were issued by Defendant Costa Cruise Lines N.V.

3.   Plaintiff admits that on February 21, 2007, while aboard the COSTA MAGICA, she sustained injury in a fall as a result of the Defendant's negligence.  Plaintiff admits that her original Complaint was filed February 1, 2008, less than five (5) months ago.

4.   Plaintiff admits that she served the Summons and Complaint upon the Defendant on February 4, 2008.  As stated above, on the second page of the "Travel Documents" it states:

> **Costa Cruise Lines N.V.**
> **200 South Park Road,**
> **Suite 200**
> **Hollywood, FL 33021-8541**

(Exhibit 1)

The only United States office listed by the Defendant on its website was, at that time, and is currently:

> **U.S.A**
> **Costa Cruise Lines, N.V.**
> **Venture Corporate Center II**
> **200 South Park Road, Suite 200**
> **Hollywood, FL 33021-8541-U.S.A.**
> **http://www.costacruises.com/**

(Exhibit 2)

The Florida Department of State Division of Corporations website lists the following for COSTA CRUISE LINES N.V. L.L.C.:

> **Foreign Limited Liability Company**

7

COSTA CRUISE LINES N.V. L.L.C.
\*\*\*

**Principal Address**

200 SOUTH PARK ROAD, STE. 200
HOLLYWOOD FL 33021-8541

**Mailing Address**

200 SOUTH PARK ROAD, STE. 200
HOLLYWOOD FL 33021-8541

**Registered Agent Name & Address**

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION FL 33324 US

(Exhibit 4)

All public information provided by CCL N.V. and Costa Crociere, S.p.A. leads to a reasonable determination that CCL N.V. is a proper party to this case.

5.  Plaintiff admits that the General Conditions of Passage Ticket Contract (GCPTC), attached to Defendant's motion, is an black and white Xerox copy of the GCPTC issued to her by Defendant CCL N.V.

6.  The document speaks for itself.

7.  The document speaks for itself.

8.  The document speaks for itself.

9.  Denied.  At this stage, it is too early to determine whether CCL N.V. falls under the definition of "CARRIER" in the GCPTC.  Defendant admits that it is an agent of Costa Crociere, S.p.A.  Again, due to the intimately intertwined nature of these entities, it is impossible to determine this issue without further discovery.

10. As stated throughout, it is too early to determine whether CCL N.V. falls under the definition of CARRIER in the GCPTC.

11. The document speaks for itself.

## IV. Memorandum of Law

### A. Plaintiff Should Be Granted Leave To File Her Amended Complaint.

Federal Rule of Civil Procedure 15(a)(2) states in pertinent part:

"A party may amend its pleading only with the opposing party's written consent or the court's leave. **The court should freely give leave when justice so requires.**"

In the present case, there is absolutely no reason to prohibit Plaintiff from Amending her Complaint to add Costa Crociere, S.p.A. as a defendant.  No Defendant would suffer prejudice by Plaintiff's amendment adding Costa Crociere, S.p.A.  This case was filed on February 1, 2008.  It is still in the very initial stages of litigation.  No discovery has taken place.  Plaintiff's amendment is not futile[1].  Therefore, Plaintiff should be granted leave to file her amended complaint.

Further, Defendant CCL N.V., throughout its Motion for Summary Judgment, argues that Costa Crociere, S.p.A. is a proper party to this lawsuit (See Defendant's Motion for Summary Judgment, pgs. 4-10).  It appears that CCL N.V. does not object to the amendment adding Costa Crociere, S.p.A. as a defendant.  Therefore, Plaintiff's motion to amend to add Costa Crociere, S.p.A. as a defendant should be granted.

### B. Defendant CCL N.V.'s Motion For Summary Judgment Should Be Denied As It Is Too Early To Tell Whether Or Not CCL N.V. Is A Proper Defendant.

---

[1] It is Plaintiff's position that there are many arguments to be made for the fact that Plaintiff's amendment adding Costa Crociere, S.p.A. will relate back to the filing of Plaintiff's original Complaint.  It is Plaintiff's position that these arguments are not ripe at this point and Plaintiff reserves the right to set forth these arguments as they become ripe and properly raised before the Court.

It generally is inappropriate for a court to rule on a summary judgment motion when the non-moving party has not been able to obtain discovery. See Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 570 (11th Cir.1990); Snook v. Trust Co. of Georgia Bank, 859 F.2d 865, 870-71 (11th Cir.1988). Federal Rule of Civil Procedure 56(f) allows courts to defer ruling on summary judgment motions until the non-moving party has been able to conduct all necessary discovery. Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1219 (11th Cir. Ga. 2000)

As previously stated, at this stage of the litigation, further discovery is required to tell whether or not CCL N.V. is a proper party to this case. For example, as cited by Defendant CCL N.V., under the general conditions of passage ticket contract (GCPTC) "CARRIER" includes:

> "All officers, staff members, crew members, independent contractors, medical providers, concessionaires, pilots, suppliers, agents and assigns on board said vessel…"

(Defendant's Motion for Summary Disposition, pg. 6)

There is no question that CCL N.V. is an agent of Costa Crociere, S.p.A. The Defendant freely admits that it is a sales and marketing agent for the CARRIER (Defendant's Motion for Summary Disposition, pg. 6). It is too early to determine whether or not there is a genuine issue of material fact as to whether CCL N.V. maintained personnel on board Costa Majica. If there were employees or agents of CCL N.V. on board, then by the express terms of the GCPTC, CCL N.V. would fall under the definition of "CARRIER". Furhter discovery including, but not limited to, requests for admissions and depositions are necessary to shed light on these issues.

10

Further, the express language of the GCPTC contemplates liability for CCL N.V. The ticket contract states:

> "All of the defenses, limitations and exceptions of whatever kind relating to the responsibility and liabilities of the CARRIER that may be invoked by the CARRIER by virtue of this Contract or by law are fully extended to and may also be invoked by all other person who may act on behalf of the CARRIER or on whose behalf the CARRIER may act.  Such person may include without limitation (i) the CARRIER's parents, subsidiaries, affiliates, successors, assigns, representatives, agents, employees, servants, concessionaires and contractors…and (iii) Costa Cruise Lines, N.V…"

By the express terms of the contract, Costa Cruise Lines, N.V. is a party to the contract.  As stated above, it is too early at this point in time to determine whether CCL N.V. is a proper party to this lawsuit.  The intertwined nature of CCL N.V. and Costa Crociere, S.p.A. makes it impossible to discern, at this point, whether CCL N.V. is a proper party.  Again, further discovery, including requests for production, requests for admissions, and depositions are necessary on this issue.  Therefore, Defendant's Motion for Summary Disposition should be denied.

## V.  Relief Requested

Plaintiff respectfully requests that this Honorable Court DENY Defendant's motion and GRANT Plaintiff's motion for leave to add Costa Crociere, S.p.A. as a defendant to this case.

> PHILLIPS, CANTOR & BERLOWITZ, PD
> Presidential Circle
> 4000 Hollywood Boulevard, Suite 375-S
> Hollywood, Florida  33021
> Telephone:  (954) 966-1820
> Facsimile:  (954) 414-9309
> jberlowitz@phillipslawyers.com
>
> /s/ Jeffrey S. Berlowitz, Esq.
> Fla. Bar No. 963739

11

-and-

TURNER & TURNER, PC
26000 West 12 Mile Road
Southfield, Michigan  48034
Telephone:  (248) 355-1727
Facsimile:  (248) 355-5674
matt@turnerandturner.com

/s/ Matthew L. Turner

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 13, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on:  David J. Horr, Esquire, Horr, Novak & Skipp, P.A., Datran Building, Suite 1104, 9100 South Dadeland Boulevard, Miami, Florida  33156 or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notice of Electronic Filing.

/s/ Jeffrey S. Berlowitz
Jeffrey S. Berlowitz

12