UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-60152-CIV-ALTONAGA/Turnoff

WANDA KRUPSKI, a single person,

    Plaintiff,

vs.

COSTA CRUISE LINES, NV, LLC,
d/b/a COSTA CRUISE LINES, a foreign
corporation (Netherland Antilles), and
COSTA CROCIERE, S.p.A.,
a foreign corporation (Italy)

    Defendants.
_____/

| | |
|---|---|
| PHILLIPS, CANTOR & BERLOWITZ, P.A. | HORR, NOVAK & SKIPP, P.A. |
| Jeffrey S. Berlowitz | David J. Horr |
| Fla. Bar No. 963739 | Florida Bar No. 310761 |
| 4000 Hollywood Blvd, Suite 375-S | Datran Building, Suite 1104 |
| Hollywood, Florida 33021 | 9100 South Dadeland Boulevard |
| (954) 966-1820 | Miami, Florida 33156-7866 |
| jberlowitz@phillipslawyers.com | (304) 670-2525 |
| Attorneys for Plaintiff | Fax: (305) 670-2526 |
| | Attorneys for Defendant |

TURNER & TURNER, P.C.
Matthew L. Turner
(P48706, admission pro hac vice)
Attorney for Plaintiff
26000 W. 12 Mile Road
Southfield, MI 48034
(248) 355-1727
matt@turnerandturner.com
Attorneys for Plaintiff

_____/

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

    NOW COMES the Plaintiff, WANDA KRUPSKI, by and through her undersigned

attorney, and sues the Defendants, COSTA CRUISE LINES, N.V., L.L.C., d/b/a COSTA

CRUISE LINES, and COSTA CROCIERE, S.p.A., and alleges as follows:

1. That this is a cause of action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars exclusive of costs, interest and attorney fees, the sum specified by 28 U.S.C. §1332.

2. At all times material hereto, the Plaintiff, WANDA KRUPSKI (hereinafter referred to as "Plaintiff") resided in the City of Detroit, County of Wayne, State of Michigan.

3. At all times material hereto, the Defendant, COSTA CRUISE LINES, N.V., L.L.C., d/b/a COSTA CRUISE LINES is registered to do business in Florida with an address of 200 South Park Road, Suite 200, Hollywood, Florida, 33021 but is a foreign corporation.

4. Defendant COSTA CRUISE LINES, N.V., L.L.C. is a Netherland Antilles Limited Liability Company.

5. At all times material hereto, the Defendant, COSTA CROCIERE, S.p.A. (Società per Azioni), is an Italian corporation.

## Subject Matter Jurisdiction

6. This Court has subject matter jurisdiction for this claim pursuant to 28 U.S.C. §1332 in Diversity as the parties are completely diverse, and 28 U.S.A §1333(1) Saving to Suitors and in the alternative, 28 U.S.C. §1333, and rule 9(h) of the Federal Rules of Civil Procedure and under the General Maritime Law of the United States.

7. Plaintiff, WANDA KRUPSKI, was a paying passenger on the vessel *COSTA MAGICA*.

## Venue, Personal Jurisdiction, and General Allegations

8. That on or about February 21, 2007, the Defendant COSTA CRUISE LINES, N.V., L.L.C. was a foreign corporation registered to do business in the State of Florida and maintained a permanent office for the transaction of business in Broward County, Florida.

9. Venue is proper in Broward County, as the Defendants' passenger ticket contains a forum selection, which requires any action to be brought exclusively in the United States District Court for the Southern District of Florida located in Broward County, Florida.

10. Plaintiff has complied with all pre-suit requirements of the passenger ticket contract by providing COSTA CRUISE LINES with a written detailed description of the circumstances of the incident that is the subject of this lawsuit in a letter dated July 2, 2007, mailed to COSTA CRUISE LINES at COSTA CRUISE LINES' principal place of business.

11. On or about February 21, 2007, the Defendant, COSTA CRUISE LINES owned, operated, managed, supervised and controlled the ocean-going passenger vessel known as the *COSTA MAGICA*.

12. On or about February 21, 2007, the Plaintiff was a fare-paying passenger aboard the *COSTA MAGICA* during a planned week-long Caribbean cruise that departed from and returned to Port Everglades, Florida.

13. While attending a performance at the Theatre Deck 3 on February 21, 2007, Plaintiff tripped and fell over a camera cable that was left in a dangerous condition in the walkway where the passengers were required to walk to enter and exit the Theatre. Due to the fact that the cable was close to the chair and she was unable to see the cable because of the light in the Theatre, Plaintiff tripped and fell and suffered a fracture of her right femur which required surgery, extensive inpatient and homebound rehabilitation, and has left her with physical and emotional injuries.

14. On or about February 21, 2007 and for a considerable period of time prior thereto, the Defendant COSTA CRUISE LINES, by and through the acts of it's duly authorized agents, servants and employees and in the conduct and operation of its business, did hold out and extend to it's invitees an implied and expressed invitation to enter upon the property of COSTA CRUISE LINES, and specifically the vessel, COSTA MAGICA.

15. At all times relevant to this case, the defendants expressly and/or impliedly invited the plaintiff onto and about the ship, and thereby assumed the duty to use due care and caution to keep and maintain the ship, common areas and aisle ways in a safe condition to avoid causing injury to the plaintiff.

16. Defendants owed the plaintiff, WANDA KRUPSKI, who was rightfully in and about the ship, the duty to exercise reasonable care and caution in repair and maintenance of the ship, and to avoid creating any hazardous, dangerous conditions of which the defendants knew, or through the exercise of reasonable care should have known, so as not to cause injury or damage to plaintiff and others rightfully occupying the ship.

17. It was the duty of the defendants to exercise due care for the rights and safety of persons invited on the ship, and particularly, it was the duty of the defendants not to cause the public areas to be left in a dangerous and unsafe condition.

## COUNT I

## NEGLIGENCE OF COSTA CRUISE LINES, N.V.

Plaintiff incorporates paragraphs 1 through 17 as if fully set forth and alleges the following:

18. COSTA CRUISE LINES owed a duty to its passengers, including WANDA KRUPSKI, to exercise reasonable care under the circumstances, and specifically to equip and operate its vessel, the *COSTA MAGICA*, in a reasonable and safe manner, including any and all public areas on the vessel, specifically the aisleway in Theatre Deck 3 which is the subject of this Complaint.

19. COSTA CRUISE LINES breached its duty of care to WANDA KRUPSKI and was negligent and careless in at least the following ways:

   a. Failing to provide safe ingress and egress in Theatre Deck 3;

   b. Failing to provide warning to passengers of hidden perils in Theatre Deck 3;

   c. Failing to properly set-up the cameras and other necessary equipment in the theatre so that passengers would not trip;

   d. Failing to warn passengers that there were cables and other impediments in the aisle where they would be exiting the theatre;

   e. Failing to properly maintain and keep the subject aisle in a reasonably safe condition for it passengers;

    f.      Failing to properly place and secure the necessary cords and cables in the theatre so that they would not present a trip hazard;

    g.      Failing to follow the cruise lines' own policies and procedures regarding setting up the theatre;

    h.      Creating the dangerous condition that existed in the aisle of theatre number 3;

    i.      Failing to use due care in setting up the equipment in the theatre;

    j.      Failing to remedy a hazardous condition of which it knew or should have known;

    k.      Failing to have proper lightening in the theatre at the time that patrons exited;

    l.      Failing to have polices and procedures in place which would provide for a safe method by which patrons could exit the theatre;

    m.      Failing to develop, maintain and utilize reasonable and proper safety policies, procedures and protocols to detect dangerous conditions of the subject aisle;

    m.      Failing to properly train and instruct the employees to set up the theatre, inspect for dangerous or hazardous conditions, and/or remedy any dangerous or hazardous conditions that may exist

20.    As a direct and proximate cause of the above described carelessness and negligence of COSTA CRUISE LINES, the Plaintiff, WANDA KRUPSKI, was injured, suffered a fracture of her right femur, endured pain and suffering, suffered a physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, the aggravation of pre-existing conditions, inconvenience, permanent disability, mental anguish and incurred necessary medical expenses for the treatment of her injuries. These injuries are permanent and continuing in nature. Plaintiff will suffer these losses and impairments in the future.

WHEREFORE, the Plaintiff, WANDA KRUPSKI, demands judgment for damages against the Defendant, COSTA CRUISE LINES, in excess of the minimal jurisdictional limits of this Court, as well as pre-judgment and post-judgment interest, costs and attorney fees incurred in bringing this action, along with any allowable punitive damages.

## COUNT II

## NEGLIGENCE OF COSTA CROCIERE, S.p.A.

Plaintiff incorporates and re-alleges paragraphs 1 through 20 as if fully set forth herein and alleges the following:

21.  COSTA CROCIERE, S.p.A., as CARRIER under the terms of the passenger ticket contract, owed a duty to its passengers, including WANDA KRUPSKI, to exercise reasonable care under the circumstances, and specifically to equip and operate its vessel, the *COSTA MAGICA*, in a reasonable and safe manner, including any and all public areas on the vessel, specifically the aisleway in Theatre Deck 3 which is the subject of this Complaint.

22.  COSTA CROCIERE, S.p.A. breached its duty of care to WANDA KRUPSKI and was negligent and careless in at least the following ways:

   a.  Failing to provide safe ingress and egress in Theatre Deck 3;

   b.  Failing to provide warning to passengers of hidden perils in Theatre Deck 3;

   c.  Failing to properly set-up the cameras and other necessary equipment in the theatre so that passengers would not trip;

   d.  Failing to warn passengers that there were cables and other impediments in the aisle where they would be exiting the theatre;

   n.  Failing to properly maintain and keep the subject aisle in a reasonably safe condition for it passengers;

   o.  Failing to properly place and secure the necessary cords and cables in the theatre so that they would not present a trip hazard;

   p.  Failing to follow the cruise lines' own policies and procedures regarding setting up the theatre;

   q.  Creating the dangerous condition that existed in the aisle of theatre number 3;

   r.  Failing to use due care in setting up the equipment in the theatre;

   s.  Failing to remedy a hazardous condition of which it knew or should have known;

   t.  Failing to have proper lightening in the theatre at the time that patrons exited;

   u.  Failing to have polices and procedures in place which would provide for a safe method by which patrons could exit the theatre;

    m.    Failing to develop, maintain and utilize reasonable and proper safety policies, procedures and protocols to detect dangerous conditions of the subject aisle;

    v.    Failing to properly train and instruct the employees to set up the theatre, inspect for dangerous or hazardous conditions, and/or remedy any dangerous or hazardous conditions that may exist

23. As a direct and proximate cause of the above described carelessness and negligence of COSTA CROCIERE, S.p.A., the Plaintiff, WANDA KRUPSKI, was injured, suffered a fracture of her right femur, endured pain and suffering, suffered a physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, the aggravation of pre-existing conditions, inconvenience, permanent disability, mental anguish and incurred necessary medical expenses for the treatment of her injuries.   These injuries are permanent and continuing in nature.  Plaintiff will suffer these losses and impairments in the future.

WHEREFORE, the Plaintiff, WANDA KRUPSKI, demands judgment for damages against the Defendant COSTA CROCIERE, S.p.A., in excess of the minimal jurisdictional limits of this Court, as well as pre-judgment and post-judgment interest, costs and attorney fees incurred in bringing this action, along with any allowable punitive damages.

    PHILLIPS, CANTOR & BERLOWITZ, PD
    Presidential Circle
    4000 Hollywood Boulevard, Suite 375-S
    Hollywood, Florida  33021
    Telephone:  (954) 966-1820
    Facsimile:  (954) 414-9309
    jberlowitz@phillipslawyers.com
    /s/ Jeffrey S. Berlowitz, Esq.
    Fla. Bar No. 963739
        -and-
    TURNER & TURNER, PC
    26000 West 12 Mile Road
    Southfield, Michigan  48034
    Telephone:  (248) 355-1727
    Facsimile:  (248) 355-5674
    matt@turnerandturner.com
    /s/ Matthew L. Turner

**JURY DEMAND**

Plaintiff demands a trial by jury.

        PHILLIPS, CANTOR & BERLOWITZ, PD
        Presidential Circle
        4000 Hollywood Boulevard, Suite 375-S
        Hollywood, Florida  33021
        Telephone:  (954) 966-1820
        Facsimile:  (954) 414-9309
        jberlowitz@phillipslawyers.com

        /s/ Jeffrey S. Berlowitz, Esq.
        Fla. Bar No. 963739

        -and-

        TURNER & TURNER, PC
        26000 West 12 Mile Road
        Southfield, Michigan  48034
        Telephone:  (248) 355-1727
        Facsimile:  (248) 355-5674
        matt@turnerandturner.com
        /s/ Matthew L. Turner

Dated:  July 11, 2008

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on July 11, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on:  David J. Horr, Esquire, Horr, Novak & Skipp, P.A., Datran Building, Suite 1104, 9100 South Dadeland Boulevard, Miami, Florida  33156 or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notice of Electronic Filing.

        s/ Jeffrey S. Berlowitz
        Jeffrey S. Berlowitz