UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-60152-CIV-ALTONAGA/Brown

**WANDA KRUPSKI**,

    Plaintiff,
vs.

**COSTA CROCIERE S.p.A.**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Costa Crociere S.p.A.'s Motion to Dismiss [D.E. 43], filed on September 3, 2008. Defendant seeks a dismissal of this action pursuant to Rules 12(b)(6), 15 and 56 of the Federal Rules of Civil Procedure. The Court has carefully considered the parties' written submissions, the record, and applicable law.

### I. BACKGROUND

This maritime personal injury action arises from an injury sustained by Plaintiff, Wanda Krupski ("Krupski"), a passenger aboard the vessel Costa Magica, on February 21, 2007. (*See Complaint* [D.E. 1] at ¶¶ 11-12). On July 2, 2007, Krupski's counsel notified Costa Cruise Lines N.V., L.L.C. ("CCL N.V.") of Krupski's claims [D.E. 47-2, Ex. 1], and Krupski received a response from CCL N.V.'s Claims Administrator on July 9, 2007 [D.E. 47-2, Ex. 2]. In that letter, the Claims Administrator requested additional information from Krupski and advised her that a pre-litigation settlement might be possible. The parties, however, were unable to reach a settlement. Krupski filed this action on February 1, 2008 [D.E. 1] and served CCL N.V. on February 4, 2008 [D.E. 3, 4].

CCL N.V. served its Answer to Krupski's original Complaint on February 25, 2008 [D.E. 6], asserting that CCL N.V. does not occupy the requisite status of "carrier," and thus is not a proper

defendant. CCL N.V. reasserted this argument in a Motion for Summary Judgment [D.E. 19] filed on May 6, 2008. Before the Court could rule on the Motion, the action was dismissed without prejudice [D.E. 21].

The Court re-opened the case on June 5, 2008 [D.E. 23]. Krupski added Costa Crociere S.p.A. as a Defendant on July 11, 2008 in her First Amended Complaint [D.E. 31], and the Court dismissed CCL N.V. as a party on August 20, 2008 [D.E. 42]. Subsequently, Costa Crociere S.p.A. filed the present Motion.

In the Motion to Dismiss, Defendant explains that a Passage Contract between Krupski and the carrier, Costa Crociere S.p.A., contains a one-year statute of limitations pursuant to 46 U.S.C. App. § 183-b. Utilizing February 21, 2007 as the date of injury, Costa Crociere S.p.A. concedes Krupski's original action against CCL N.V., filed on February 1, 2008, was within the one-year period. Costa Crociere S.p.A. maintains, however, that Krupski's First Amended Complaint, filed July 11, 2007, does not "relate back" to the original filing date through application of Federal Rule of Civil Procedure 15(c) and thus should be dismissed with prejudice because it is barred by the statute of limitations. Krupski objects, arguing that Plaintiff's First Amended Complaint does relate back to the original Complaint.

## II.  LEGAL STANDARD

A motion to dismiss a complaint for failure to state a claim requires that a court accept the facts pleaded in the complaint as true, construe them in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989,

CASE NO. 08-60152-CIV-ALTONAGA/Brown

994-95 (11th Cir. 1983). On a motion under Rule 12(b)(6), the Court limits its consideration to "well-pleaded factual allegations, documents central or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). However, "[i]f on a motion under rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Rule 12(d), Fed. R. Civ. P. The parties have recognized and treated the present Motion as one for summary judgment (*see* [D.E. 49]), and they have had the opportunity to present all material pertinent to the Motion, as required by Rule 12(d).

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997), and "must resolve all reasonable doubts about the facts in favor of the non-movant." *Un. of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1558 (11th Cir. 1990).

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual

3

disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* However, "[t]he mere existence of a scintilla of evidence in support of the position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Id.* at 252.

"For factual issues to be considered genuine, they must have a real basis in the record . . . . [M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

### III. ANALYSIS

Defendant seeks a dismissal under Rules 12(b)(6) and 56, Fed. R. Civ. P., for Plaintiff's failure to meet the requirements of Rule 15, Fed. R. Civ. P.. "Federal Rule of Civil Procedure 15(c) governs relation back of amendments to pleadings in federal court, and provides several ways in which an amended pleading can relate back to an original pleading." *Saxton v. ACF Indus., Inc.*, 254

F.3d 959, 962 (11th Cir. 2001). Under Rule 15(c)(1),

> [a]n amendment to a pleading relates back to the date of the original pleading when:
>
>       \*            \*            \*
>
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or
>
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > >
> > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The parties do not dispute that Rule 15(c)(1) is the controlling provision for Plaintiff's ability to add Costa Crociere S.p.A. as a party.

Courts interpret Rule 15(c)(1) as imposing three conditions before an amended complaint relates back to the original complaint. *Makro Capital of Am., Inc. v. UBS AG*, No. 06-16162, 2008 WL 4402701, at *3 (11th Cir. Sept. 30, 2008). To ameliorate the running of the statute of limitations, all three conditions must be met for a party to successfully relate back an amended complaint that adds a defendant. The first condition – that the claim against the newly named defendant must have arisen "out of the conduct, transaction, or occurrence set out . . . in the original pleading" – is not at issue in this case. Fed. R. Civ. P. 15(c)(1)(B). The undersigned now turns to the two remaining conditions that must be satisfied for the First Amended Complaint against Costa Crociere S.p.A. to relate back to Krupski's initial Complaint against CCL N.V.

A.      **Sufficient Notice to Avoid Prejudice**

The second requirement under Rule 15(c)(1)(C)(i) is that the defendant to be added has received sufficient notice of the action, within the 120-day time period for service and summons, to avoid prejudice. *See Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1131 (11th Cir. 2004) ("[W]hen an amendment seeks to change or add a defendant, Rule 15(c)[(1)(C)(i)] introduces considerations of both prejudice and notice."); *Kuehn v. The Cadle Co.*, No. 5:04-CV-432-OC-10GRJ, 2006 WL 845085, at *7 (M.D. Fla. Mar. 30, 2006). Rule 15(c)(1)(C)(i) does not require that the amendment have been filed within 120 days, nor does it require formal service of process within 120 days; it only requires that the defendant have notice of the original action within 120 days sufficient to avoid prejudice. *See Freund v. Fleetwood Enters., Inc.*, 956 F.2d 354, 362-63 (1st Cir. 1992). Thus, Rule 15(c)(1)(C)(i) requires consideration of both notice and prejudice when adding a party. *See Olivares v. Doctor's Osteopathic Med. Ctr., Inc.*, No. 2:07-CV-708-FtM-29SPC, 2008 WL 3850672, at *2 (M.D. Fla. Aug. 15, 2008) (citing *Cliff*, 363 F.3d at 1131).

1.      **Actual and Constructive Notice**

A corporation receives actual notice within the meaning of Rule 15(c)(1)(C)(i) "when its registered agent for service of process receives the complaint, even if the complaint does not identify the corporation as a party." *Goldberg v. Altsentzer* (*In re U.S. Plastic Lumber Corp.*), No. 04-33579-BKC-PGH, 2008 WL 1848790, at *4 (Bankr. S.D. Fla. Apr. 18, 2008) (citing *Peterson v. Sealed Air Corp.*, 908 F.2d 1232, 1237 (7th Cir. 1990)). It is undisputed that Costa Crociere S.p.A. did not receive actual notice of this suit within 120 days of the suit being filed. Indeed, Costa Crociere S.p.A. did not receive actual notice until July 11, 2008.

Nevertheless, "it is not necessary that the moving party demonstrate that the party to be added

had actual notice of the original pleading – constructive notice can suffice under the proper circumstances." *Bagwell v. City of Atlanta*, 109 F.R.D. 290, 291 (N.D. Ga. 1985) (citing *Kirk v. Cronvich*, 629 F.2d 404 (5th Cir. 1980)).  Where a plaintiff chooses to rely on constructive notice to satisfy the requirements of Rule 15(c)(1)(C)(i), she can demonstrate such notice by showing the two parties – the original defendant and the defendant to be added – share some "identity of interest." *See Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1242 (M.D. Ala. 2000); *see also Pompey v. Lumpkin*, 321 F. Supp. 2d 1254, 1263 (M.D. Ala. 2004).  "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (quoting *Kirk*, 629 F.2d at 408 n.4).

> The similarity or identity of interest theory is mainly and principally applied where the original and added parties are a parent corporation and its wholly owned subsidiary, or related corporations whose officers, directors, or shareholders are substantially identical and who have similar names or share office space, past and present forms of the same enterprise, or co-executors of an estate.

*Rogatz v. Hosp. Gen. San Carlos, Inc.*, 89 F.R.D. 298, 300 (D.P.R. 1980) (citations omitted).  Furthermore, "when the original and the added defendants are represented by the same counsel, . . . the institution of an action against one serves to provide notice of the litigation to the other." *Chumney v. U.S. Repeating Arms Co., Inc.*, 196 F.R.D. 419, 430 (M.D. Ala. 2000); *see also Jacobsen*, 133 F.3d at 320 ( "[N]otice [for purposes of F.R.C.P. 15(c) ] may be imputed to the new party through shared counsel.").

There is sufficient identity of interests between CCL N.V. and Costa Crociere S.p.A. that the institution of an action against one serves to provide notice of the litigation to the other.  Both CCL N.V. and Costa Crociere S.p.A. are represented by the same counsel.  On its website, Costa Crociere

CASE NO. 08-60152-CIV-ALTONAGA/Brown

S.p.A. lists CCL N.V. as its United States office. Moreover, several managers of CCL N.V. maintain their offices at the same address listed as Costa Crociere S.p.A.'s offices in Italy.[1] Thus, because Costa Crociere S.p.A. and CCL N.V. share an identity of interest, notice to CCL N.V. can be imputed onto Costa Crociere S.p.A.

### 2. Unfair Prejudice

Since the effect of Rule 15(c) is to avoid the impact of the statute of limitations, the sufficiency of the notice must be evaluated in light of the policy objectives of the statute of limitations, such as to avoid undue surprise, to permit investigation and collection of evidence, and other similar considerations. These considerations are intimately related to the requirement that the notice be such that the party to be brought in will not be unfairly prejudiced in defending on the merits. "The notion of unfair prejudice turns on a newly-added defendant's ability to adequately maintain a defense against the complaint." *Kuehn*, 2006 WL 845085, at *8 (citing Fed. R. Civ. P. 15(c)(1)(C)(i)).

Costa Crociere S.p.A. has not shown how it would be unfairly prejudiced if the First Amended Complaint is allowed to relate back. Costa Crociere S.p.A. has not raised any unfair prejudice arguments in its Motion to Dismiss. Given that Costa Crociere S.p.A. and CCL N.V. are closely related entities and that the claims alleged in the two pleadings are virtually identical, Costa Crociere S.p.A. would have no difficulty preparing a defense in this case if required to. *See Kuehn*, 2006 WL 845085, at *8.

---

[1] While Costa Crociere S.p.A. argues CCL N.V. and Costa Crociere S.p.A. do not maintain the same offices or directors, it fails to provide any documents substantiating this position.

**B.**     **Knowledge of the Matter Absent Mistake**

The final requirement under Rule 15(c)(1)(C) is that within 120 days of the original complaint, the party to be added knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against it. Fed. R. Civ. P. 15(c)(1)(C)(ii). "The purpose of Rule 15(c) is to permit amended complaints to relate back to original filings . . . when the amended complaint is correcting a mistake about the *identity* of the defendant." *Powers v. Graff*, 148 F.3d 1223, 1226 (11th Cir. 1998) (citing *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993)) (emphasis added). The word "mistake" should be read liberally, but it should not be construed to mean "lack of knowledge" concerning the correct party or a deliberate decision not to sue a party whose identity the plaintiff knew from the outset. *See Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir. 1999) ( "[I]gnorance does not equate to misnomer or misidentification"); *overruled on other grounds* by *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003); *see also Powers*, 148 F.3d at 1227. "Although the failure to add a defendant 'may qualify as a mistake, that is, actual inadvertence on the part of the [amending party] and not a conscious choice or deliberate strategy to exclude the [added party],' that is not a mistake concerning the identity of the added party, as required by [Rule 15(c)(1)(C)(ii)]." *Goldberg*, 2008 WL 1848790, at *4 (quoting *In re Enron Creditors Recovery Corp.*, 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007)). Instead, "whether a plaintiff made a 'mistake,' rather than a conscious choice, in originally omitting the relevant defendant turns on whether the newly added defendant was known to the plaintiff before the running of the statute of limitations." *Chumney*, 196 F.R.D. at 429 (citing *Powers*, 148 F.3d at 1226).

Although Costa Crociere S.p.A. may have had constructive notice of this action within 120 days of the Original Complaint, Krupski's First Amended Complaint cannot relate back under Rule

15(c)(1)(C)(ii) because her failure to timely name Costa Crociere S.p.A. as a defendant was not the result of a "mistake." CCL N.V. informed Krupski that Costa Crociere S.p.A. was a proper party to the action as early as February 25, 2008. (*See Answer* [D.E. 6] at ¶ 11). Specifically, in its Answer, CCL N.V. stated:

> Pursuant to the terms of the Passage Ticket Contract, the undertaking to transport Plaintiff aboard the *Costa Magica* as carrier was by Costa Crociere S.p.A., an Italian corporation.
>
> Moreover, pursuant to Paragraph 3 of the Passage Ticket Contract, Defendant Costa Cruise Lines N.V. is clearly identified and communicated to the Plaintiff to be a sales and marketing agent for the carrier/vessel operator, Costa Crociere S.p.A.

(*Id.*).

On March 20, 2008, CCL N.V. listed Costa Crociere S.p.A. as an Interested Party in its Corporate Disclosure Statement [D.E. 13]. And in its Motion for Summary Judgment [D.E. 19], CCL N.V., once again, affirmed: "Costa Crociere S.p.A. is the 'Carrier' for purposes of this cause of action asserted by plaintiff. Defendant Costa Cruise Line N.V. L.L.C. does not occupy the legal status of the 'Carrier.'" Krupski, however, did not seek leave to add Costa Crociere S.p.A. as a defendant until June 13, 2008, 133 days after the Original Complaint was filed [D.E. 26]. The Court granted leave to amend the Complaint on July 2, 2008 [D.E. 30], and Costa Crociere S.p.A. was named as a defendant on July 11, 2008 [D.E. 31], 161 days after the Original Complaint was filed.

This is not a case where there was a lack of knowledge of the existence of the proper party or the identity of the proper party. Nor is this amendment sought because of a scrivener's error. *See generally Hill v. United States Postal Serv.*, 961 F.2d 153 (11th Cir.1992) (permitting *pro se* plaintiff's amended complaint to relate back when he mistakenly named postal service instead of postmaster as defendant, contrary to statutory requirements). Indeed,

> [a]lthough the relation back provisions of Rule 15 are to be somewhat liberally applied, the purpose of the provision does not support relation back in cases like this one: cases where the newly added defendants were known to the plaintiff before the running of the statute of limitations and where the potential defendants should not necessarily have known that, absent a mistake by the plaintiff, they would have been sued.

*Powers*, 148 F.3d at 1226. "'Nothing in the Rule or in the Notes indicates that the provision applies to a plaintiff who was fully aware of the potential defendant's identity but not of its responsibility for the harm alleged.'" *Id.* at 1227 (quoting *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997)).

The First Amended Complaint does not satisfy the third requirement for relation back under Rule 15(c), and thus, Krupski's amendment, adding Costa Crociere S.p.A. as a Defendant, does not relate back to the date of her timely original Complaint.

## IV. CONCLUSION

In accordance with the foregoing analysis, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss **[D.E. 43]**, being considered a Motion for Summary Judgment, is **GRANTED**. Defendant shall submit a proposed final judgment in Word or WordPerfect format to altonaga@flsd.uscourts.gov. Clerk of Court is instructed to **CLOSE** this case.

2. Any pending motions are **DENIED** as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of October, 2008.

*/s/ Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record